IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| WILLIE EARL WICKS, § | |
| Plaintiff, § | |
| § | |
| v. § | No. 3:13-CV-1696-B |
| § | |
| CAROLYN W. COLVIN, § | |
| Acting Commissioner of Social Security, § | |
| Defendant. § | |

**FINDINGS, CONCLUSIONS & RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Willie Earl Wicks ("Plaintiff") brings this action for judicial review of the Commissioner of Social Security's ("Commissioner") final decision denying his claim for supplemental security income under Title XVI of the Social Security Act (the "Act") pursuant to 42 U.S.C. § 405(g). For the following reasons, the Court should REVERSE the final decision of the Commissioner and DENY the Commissioner's Cross-Motion for Summary Judgment [D.E. 16].

**BACKGROUND**

Plaintiff alleges that he is disabled due to a variety of ailments including, depression, congestive heart failure, and elevated blood pressure. *See* Pl.'s Br. [D.E. 13 at 10-15]. After his application for supplemental security income was denied initially and on reconsideration, Plaintiff requested a hearing before an administrative law judge ("ALJ"). That hearing was held on August 3, 2010. *See* Tr. [D.E. 7-3 at 32]. At the time of the hearing, Plaintiff was 36 years old. *See id.* [D.E. 7-3 at 37]. Plaintiff attended high school until the 10th grade. *See id.* [D.E. 7-3 at 40]. Plaintiff has past work experience as a material handler, furniture mover, a cleaner, and a gas and oil servicer. *See id.* [D.E. 7-3 at 65-66]. Plaintiff has not engaged in substantial gainful activity since July 7, 2009. *See id.* [D.E. 7-3 at 19]. On March 22, 2011, a supplemental hearing was held because Plaintiff's

attorney requested an opportunity to question Plaintiff's cardiologist, Dr. Pradeep P. Mammen. *See id.* [D.E. 7-3 at 79].

The ALJ found that Plaintiff was not disabled and therefore not entitled to disability benefits. *See id.* [D.E. 7-3 at 27]. Although the medical evidence established that Plaintiff suffered from congestive heart failure with cardiomyopathy, hypertension, sciatica, chronic kidney insufficiency, depression, obesity and substance abuse, the ALJ concluded that the severity of those impairments did not meet or equal any impairment listed in the social security regulations. *See id.* [D.E. 7-3 at 19-20]. The ALJ determined that Plaintiff had the RFC to lift and carry twenty pounds occasionally and ten pounds frequently; sit six hours in an eight-hour workday; stand and walk five hours in an eight-hour workday while limited to simple work in a low stress environment where he interacted with others on an occasional basis only. *See id.* [D.E. 7-3 at 21]. The ALJ further determined that Plaintiff had the RFC to perform his past relevant work as a gas and oil servicer. *See id.* [D.E. 7-3 at 25]. Plaintiff appealed that decision to the Appeals Council. *See id.* [D.E. 7-3 at 2]. The Council affirmed. *See id.* [D.E. 7-3 at 2]. Plaintiff then filed this action in federal district court.

## LEGAL STANDARDS

A claimant must prove that he is disabled for purposes of the Social Security Act to be entitled to social security benefits. *Leggett v. Chater*, 67 F.3d 558, 563-64 (5th Cir. 1995); *Abshire v. Bowen*, 848 F.2d 638, 640 (5th Cir. 1988). The definition of disability under the Act is "the inability to engage in any substantial gainful activity by reason of any medically-determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); *Anthony v. Sullivan*, 954 F.2d 289, 292 (5th Cir. 1992).

2

The Commissioner utilizes a sequential five-step inquiry to determine whether a claimant is disabled. Those steps are that:

(1) an individual who is working and engaging in substantial gainful activity will not be found disabled regardless of medical findings;

(2) an individual who does not have a "severe impairment" will not be found to be disabled;

(3) an individual who meets or equals a listed impairment in Appendix 1 of the regulations will be considered disabled without consideration of vocational factors;

(4) if an individual is capable of performing the work the individual has done in the past, a finding of "not disabled" will be made; and

(5) if an individual's impairment precludes the individual from performing the work the individual has done in the past, other factors including age, education, past work experience, and residual functional capacity must be considered to determine if other work can be performed.

*Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994) (citing *Villa v. Sullivan*, 895 F.2d 1019, 1022 (5th Cir. 1990) (paraphrasing 20 C.F.R. § 404.1520(b)-(f)).

The burden of proof lies with the claimant to prove disability under the first four steps of the five-step inquiry. *Leggett*, 67 F.3d at 564. The burden of proof shifts to the Commissioner at step five of the inquiry to prove that other work, aside from the claimant's past work, can be performed by the claimant. *Bowling v. Shalala*, 36 F.3d 431, 435 (5th Cir. 1994) (citing *Anderson v. Sullivan*, 887 F.2d 630, 632-33 (5th Cir. 1989)). If the Commissioner demonstrates that other jobs are available to the claimant, the burden of proof shifts back to the claimant to rebut such a finding. *Selders v. Sullivan*, 914 F.2d 614, 618 (5th Cir. 1990).

The Commissioner's determination is afforded great deference. *Leggett*, 67 F.3d at 564. Judicial review of the Commissioner's findings is limited to whether the decision to deny benefits was supported by substantial evidence and to whether the proper legal standard was utilized. *Greenspan*, 38 F.3d at 236; 42 U.S.C.A. § 405(g). Substantial evidence is defined as "that which is relevant and sufficient for a reasonable mind to accept as adequate to support a conclusion; it must be more than a scintilla, but it need not be a preponderance." *Leggett*, 67 F.3d at 564. The reviewing court does not re-weigh the evidence, retry the issues, or substitute its own judgment, but rather scrutinizes the record as a whole to determine whether substantial evidence is present. *Greenspan*, 38 F.3d at 236.

Absent an error that affects the substantial rights of a party, administrative proceedings do not require "procedural perfection." *Wilder v. Colvin*, No. 3:13-CV-3014-P, 2014 2931884, *5 (N.D. Tex. June 30, 2014) (citing *Taylor v. Astrue*, 706 F.3d 600, 603 (5th Cir. 2012)). Procedural errors affect substantial rights of a party only when the errors "cast into doubt the existence of substantial evidence to support the ALJ's decision." *Morris v. Bowen*, 864 F.2d 333, 335 (5th Cir. 1988). Remand is required where there is a realistic possibility that the ALJ would have reached a different conclusion absent the procedural error. *January v. Astrue*, 400 F. App'x 929, 933 (5th Cir. 2010). Further, "[t]he ALJ is not required to discuss every piece of evidence in the record nor must the ALJ follow formalistic rules of articulation." *Hunt v. Astrue*, No. 4:12-CV-44-Y, 2013 WL 2392880, at *7 (N.D. Tex. June 3, 2013).

## **ANALYSIS**

Plaintiff's appeal raises the following issues:

    1. Whether the ALJ's decision is supported by substantial evidence

given that he rejected the opinion of Plaintiff's treating psychiatrist;

and

2. Whether the ALJ's RFC finding is supported by substantial evidence given that he rejected Plaintiff's physicians' opinions without good cause and without applying the factors set out in 20 C.F.R. § 416.927(c).

*See* Pl.'s Br. [D.E. 13 at 8].

Plaintiff contends that the ALJ committed reversible error by rejecting the opinion of his treating psychiatrist, Dr. Ardashes Mirzatuny without good cause and failing to apply the 20 C.F.R. § 416.927(c) ("§ 416.927(c)") factors prior to giving his opinion no weight. *See id.* [D.E. 13 at 8]. Plaintiff contends that no reviewing state agency medical consultant gave an opinion on the effects of Plaintiff's mental impairment on his ability to work at the initial and reconsideration levels. *See id.* [D.E. 13 at 23]. Plaintiff contends that under *Ripley v. Chater*, 67 F.3d 552 (5th Cir. 1995) and *Williams v. Astrue*, 355 Fed. App'x 828 (5th Cir. 2009), a medical record without an interpretative expert opinion is not substantial evidence and cannot support the ALJ's RFC finding. *See* Pl.'s Br. [D.E. 13 at 23]. Plaintiff argues that the ALJ made his independent medical determination regarding Plaintiff's condition. *See id.* [D.E. 13 at 23]. Further, Plaintiff contends that in addition to failing to giving Dr. Mirzatuny's opinion the appropriate weight, pursuant to *Newton v. Apfel*, 209 F.3d 448 (5th Cir. 200) and *Myers v. Apfel*, 238 F.3d 617 (5th Cir. 2001), the ALJ may not reject Dr. Mirzatuny's opinion without applying the § 416.927(c) factors. *See* Pl.'s Br. [D.E. 13 at 32]. In addition, Plaintiff cites *Beasley v. Barnhart*, 191 Fed. App'x 331, 336 (5th Cir. 2006) where the Fifth Circuit noted the ALJ's failure to mention § 416.927(c) factors in his decision as indicative of his failure to analyze those factors in weighing the treating psychiatrist's opinion and reversed and

remanded because the "detailed analysis" required by § 416.927(c) was lacking. *See id.* [D.E. 13 at 33].

The Commissioner argues that the record supports the ALJ's RFC determination as it pertains to Plaintiff's mental impairments. *See* Def.'s Br. [D.E. 15 at 5]. The Commissioner points out that the ALJ cited counseling notes from Dallas Metrocare dated August through December 2010 in support showing cooperative behavior, normal speech, no delusions, organized thoughts, intact memory, normal attention, fair insight, fair judgment, and no signs of psychotic features. *See id.* [D.E. 15 at 5]. Further, the Commissioner points out that at each counseling session, the counselor rated Plaintiff's symptoms as a 2 or 3 out of 10, functional impairments as a 3 out of 10, and his functional ability as a 7 out of 10. *See id.* [D.E. 15 at 5-6]. The Commissioner also points out that the Plaintiff previously reported that he was out of work because he did not have a need or desire to work, not because of a physical or mental impairment. *See id.* [D.E. 15 at 6]. In addition, the Commissioner notes that counseling notes from January of 2011 reveal no psychiatric abnormalities, despite the fact that Plaintiff checked off every possible mental symptom on the checklist and that the counselor noted that Plaintiff was noncompliant with antidepressants. *See id.* [D.E. 15 at 6]. The Commissioner contends that given these treatment notes, the ALJ properly rejected the medical assessments from Dr. Mirzatuny and Counselor Kevin Johnson assessing significant functional limitations, such as a substantial loss of ability to ask simple questions, maintain attention and concentration, and accept instructions. *See id.* [D.E. 15 at 6]. Further, the Commissioner contends that while Dr. Mirzatuny claimed that Plaintiff experienced suicidal thoughts, psychomotor agitation, pressured speech, hallucinations, and appetite disturbances even though the treatment notes state that Plaintiff demonstrated none of these symptoms. *See id.* [D.E. 15 at 6]. The Commissioner contends

that the Metrocare counseling notes constitute substantial evidence of the ALJ's non-disability findings because they reveal a high level of functioning, the counselor observed no psychiatric abnormalities and rated Plaintiff's functional ability at a 7 out of 10 and his depression to be no higher than 4 out of 10. *See id.* [D.E. 15 at 6].

With respect to Plaintiff's argument that the ALJ did not consider the factors set out in § 416.927(c), the Commissioner contends that the ALJ was not required to follow formalistic rules in his articulation of the evidence pursuant to *Falco v. Shalala*, 27 F.3d 160, 164 (5th Cir. 1994) and contends that the ALJ cited § 416.927(c) and explicitly stated that Dr. Mirzatuny's assessment was unsupported by the medical evidence and conflicted with the record as a whole which are relevant factors in § 416.927(c). *See id.* [D.E. 15 at 6]. The Commissioner argues that while Plaintiff contends that the ALJ is required to recite each factor as a litany, the ALJ is not required to do so. *See id.* [D.E. 15 at 6]. The Commissioner argues that pursuant to *Newton v. Apfel*, 209 F.3d 448, 458 (5th Cir. 2000), the ALJ is not required to articulate good cause for rejecting Dr. Mirzatuny's opinion where there is competing first-hand medical evidence such as the Metrocare treatment notes explicitly stating that Plaintiff functioned at a much higher level than Dr. Mirzatuny opined. *See* Def.'s Br. [D.E. 15 at 12]. In his reply, Plaintiff cites *Gittens v. Atrue*, 3:04-CV-2363-L, 2008 WL 631215, at *5 (N.D. Tex. Feb. 29, 2008) wherein the Court determined that "the ALJ had a duty to explain why these medical opinions from a treating physician were rejected and to conduct the analysis required by 20 C.F.R. § 404.1527(d)(2), and that the magistrate judge's reliance on *Falco* was misplaced." *See* Reply [D.E. 17 at 10].

The undersigned finds that the ALJ committed legal error by failing to properly weigh Dr. Mirzatuny's opinion. The counseling notes the Commissioner points to do not constitute competing

7

medical evidence. As an initial point, the counseling notes the Commissioner points to predate the assessment by Plaintiff's treating physician, Dr. Mirzatuny. In addition, as Plaintiff points out, the treatment notes do not discuss the effects of Plaintiff's mental impairment on his ability to work such as that of Dr. Mirzatuny. Moreover, the undersigned finds that the ALJ committed legal error by failing to consider the factors set forth in the Commissioner's regulations for evaluating treating physician opinions. The ALJ's mere citation to § 416.927(c) and statement that Dr. Mirzatuny's assessment was unsupported by the medical evidence and conflicted with the record do not demonstrate an adequate consideration of the § 416.927(c)(2) factors.[1] The error here is not harmless because if the ALJ had given more weight to Dr. Mirzatuny's opinion, he may have found Plaintiff disabled. Thus, Plaintiff has shown prejudice from the ALJ's failure to properly weigh Dr.

---

1. 20 C.F.R. § 416.927(c)(2) states in relevant part the following:

(2) Treatment relationship. Generally, we give more weight to opinions from your treating sources, since these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of your medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations, such as consultative examinations or brief hospitalizations. If we find that a treating source's opinion on the issue(s) of the nature and severity of your impairment(s) is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in your case record, we will give it controlling weight. When we do not give the treating source's opinion controlling weight, we apply the factors listed in paragraphs (c)(2)(i) and (c)(2)(ii) of this section, as well as the factors in paragraphs (c)(3) through (c)(6) of this section in determining the weight to give the opinion. We will always give good reasons in our notice of determination or decision for the weight we give your treating source's opinion.

    (i) Length of the treatment relationship and the frequency of examination. Generally, the longer a treating source has treated you and the more times you have been seen by a treating source, the more weight we will give to the source's medical opinion. When the treating source has seen you a number of times and long enough to have obtained a longitudinal picture of your impairment, we will give the source's opinion more weight than we would give it if it were from a nontreating source.

    (ii) Nature and extent of the treatment relationship. Generally, the more knowledge a treating source has about your impairment(s) the more weight we will give to the source's medical opinion. We will look at the treatment the source has provided and at the kinds and extent of examinations and testing the source has performed or ordered from specialists and independent laboratories. For example, if your ophthalmologist notices that you have complained of neck pain during your eye examinations, we will consider his or her opinion with respect to your neck pain, but we will give it less weight than that of another physician who has treated you for the neck pain. When the treating source has reasonable knowledge of your impairment(s), we will give the source's opinion more weight than we would give it if it were from a non-treating source.

Mirzatuny's opinion. The undersigned finds that the ALJ's legal errors in considering the medical evidence will necessarily require reconsideration, not only of the medical evidence, but of the remaining issues.

## RECOMMENDATION

The District Court should REVERSE the final decision of the Commissioner and REMAND this case for further proceedings consistent with this recommendation. Further, the Commissioner's Cross-Motion for Summary Judgment [D.E. 16] should be denied.

SO RECOMMENDED, this 2nd day of September, 2014.

```
_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE
```

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within fourteen days after service. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within fourteen days after service shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).